UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOHN JAY HUMPHREY,

                                  Plaintiff,

              - vs -                              5:08-CV-0363
                                             (DNH)(DEP)

COURT CLERK FOR THE SECOND CIRCUIT,

                                  Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

JOHN JAY HUMPHREY
Plaintiff, *Pro Se*

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

The Court has received plaintiff John Jay Humphrey's *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for review, together with an *in forma pauperis* application.[1]  Dkt. Nos. 1, 2.  For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

## **I. Background**

In his *pro se* complaint, plaintiff claims that the Clerk of the United States Court of Appeals for the Second Circuit failed to inform him until "months later" that his appeal was

---

[1] The Court notes that plaintiff has filed numerous actions in this District in addition to the present case. *See Humphrey v. Onondaga County Sheriff*, 5:02-CV-1524 (NPM/DEP); *Humphrey v. State of New York*, 5:03-CV-1181 (HGM/GJD); *Humphrey v. U.S. Gov't*, 5:04-CV-145 (HJM/GJD); *Humphrey v. Carni*, 5:05-CV-0253 (FJS/GHL); *Humphrey v. WIXT News Channel 9*, 5:05-CV-0636 (FJS/DEP); *Humphrey v. Rescue Mission*, 5:05-CV-0795 (NAM/GJD); *Humphrey v. Rescue Mission*, 5:05-CV-0986 (FJS/GJD); *Humphrey v. Onondaga County Dep't of Soc. Servs.*, 5:05-CV-987 (NAM/GJD); *Humphrey v. Styers*, 5:05-CV-1036 (FJS/GHL); *Humphrey v. Court Clerk, NDNY*, 5:05-CV-1159 (NAM/GJD); *Humphrey v. Weichert*, 5:05-CV-1205 (NAM/GJD); *Humphrey v. Two Unknown Fed. Employees*, 5:06-CV-0786 (NAM/DEP); *Humphrey v. Onondaga County Sheriff's Dep't*, 5:07-CV-0721 (DNH/GJD); *Humphrey v. Onondaga County Sheriff's Dep't*, 5:07-CV-1102 (DNH/GJD).

dismissed in three of his prior actions, *Humphrey v. WIXT News Channel 9*, 5:05-CV-0636 (FJS/DEP), *Humphrey v. Weichert*, 5:05-CV-1205 (NAM/GJD); *Humphrey v. Two Unknown Fed. Employees*, 5:06-CV-0786 (NAM/DEP). Dkt. No. 1 at ¶¶ 1, 4-7. According to plaintiff, the Clerk's failure to communicate with him hindered his ability to petition the United States Supreme Court for writs of *certiorari* in these actions. *Id.* at ¶¶ 10,13. Plaintiff further alleges that the Clerk neglected to provide him with the status of his appeal in the action titled *Humphrey v. Styers*, 5:05-CV-1036 (FJS/GHL)*. Id.* at ¶¶ 3, 8. Plaintiff seeks monetary relief in the amount of One Million Dollars. *Id.* at p. 4. For a more complete statement of plaintiff's claims, reference is made to the complaint.

## II. Discussion

Turning to plaintiff's *in forma pauperis* application, the Court finds that he may properly commence this action *in forma pauperis* because he sets forth sufficient economic need. Dkt. No. 2.

Since the Court has found that plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before

---

[2] In determining whether an action is frivolous, the Court must determine whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

it may permit a plaintiff to proceed with an action *in forma pauperis*.³  *See id.*  Although courts have a duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility placed upon the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* notwithstanding the fact the plaintiff has paid the statutory filing fee); *Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994) (finding that a district court has the power to dismiss a case *sua sponte* for failure to state a claim).

As noted, plaintiff seeks to assert claims against the defendant for the violation of his constitutional rights.  *Bivens* actions, although not precisely parallel, are the federal analog to Section 1983 actions against state actors.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir 1987) (noting that there is a "general trend in the appellate courts" to incorporate Section 1983 law into *Bivens* cases) (citation and quotations omitted).⁴

Plaintiff maintains that the "Court Clerk" for the Second Circuit Court of Appeals improperly failed to communicate with him regarding the status of the appeals in four of his

---

³ Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327.

⁴ Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).

3

cases. A review of the appellate dockets in *Humphrey v. Weichert*, *Humphrey v. Two Unknown Federal Employees*, and *Humphrey v. WIXT News Channel 9* reveals that plaintiff indeed was immediately notified of the mandates dismissing his appeals in those actions.[5] *See Humphrey v. Weichert*, Appellate Action No. 05-6846; *Humphrey v. Two Unknown Federal Employees*, Appellate Action No. 07-0631; *Humphrey v. WIXT News Channel 9*, Appellate Action No. 05-4122. Plaintiff's appeal in *Humphrey v. Styers* remains pending, and plaintiff is free to inquire regarding the status of his case at any time. *See Humphrey v. Styers*, Appellate Action No. 05-6695.

The Court also notes that plaintiff does not clearly allege wrongdoing on the part of the individual who serves as the Clerk of the Court for the Second Circuit, as opposed to one or more of the individuals employed in the Clerk's Office. As with claims asserted under Section 1983, a plaintiff seeking to recover money damages in a *Bivens* action must establish that the named defendant was personally involved in the misconduct complained of.[6] *See Elmaghraby v. Ashcroft*, No. 04 CV 01809, 2005 WL 2375202, at *11 (E.D.N.Y. Sept. 27, 2005), *reversed on other grounds*, *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (discussing supervisory liability in context of a section 1983 claim); *see also Wilson v. Layne*, 526 U.S. 603, 609 (1999) (explaining that the

---

[5] It bears mentioning that in *WIXT News Channel 9*, the docket reflects that the notice sent to plaintiff regarding the issuance of a mandate dismissing his appeal for failure to comply with the scheduling order in that action was returned as undeliverable. That fact, however, is not determinative of the validity of plaintiff's claim.

[6] A supervisory official can, however, be personally involved in a constitutional violation in one of several ways: (1) the supervisor may have directly participated in the challenged conduct; (2) the supervisor, after learning of the violation through a report or appeal, may have failed to remedy the wrong; (3) the supervisor may have created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) the supervisor may have been grossly negligent in managing the subordinates who caused the unlawful event; or (5) the supervisor may have failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007); *see also Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

qualified immunity analysis under *Bivens* is identical to the analysis under section 1983). In this case, plaintiff has not set forth sufficient facts to establish that the Clerk of the Court was personally involved in the actions complained of. In light of plaintiff's *pro se* status, the Court has considered whether plaintiff's complaint states a claim upon which relief could be granted assuming, *arguendo*, that he has properly identified the defendant and concludes that it does not.

Courts have extended judicial immunity to court clerks for the performance of tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also Kampfer v. Rodriguez*, No. 97-CV-739, 1998 WL 187364, at *2 (N.D.N.Y. Apr. 15, 1998) (Pooler, D.J.). Court clerks enjoy absolute immunity even for administrative functions if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court. *Rodriguez*, 116 F.3d at 67. A court clerk, however, may not be entitled to absolute immunity in all cases, such as where the clerk's refusal to accept the papers of a litigant seeking to commence an action under a state statute results in the deprivation of the litigant's constitutional rights. *LeGrand v. Evan*, 702 F.2d 415, 418 (2d Cir. 1983). In this case, plaintiff's allegations arise out of and relate to actions taken by court personnel which were in accordance with the established practice of the Second Circuit, and pursuant to the direction of a judicial officer as articulated in the relevant appellate mandates; accordingly, these actions constitute an integral part of the judicial process and are shielded from liability by judicial immunity. In any event, although plaintiff contends that the Clerk's alleged failure to communicate with him deprived him of his right to seek writs of *certiorari*, the pertinent dockets indicate that such notification did indeed

5

occur. Accordingly, defendant Clerk of the Court for the United States Court of Appeals for the Second Circuit is hereby dismissed with prejudice.[7]

## III. Conclusion

Plaintiff's complaint, as drafted, is not sufficient to state a claim for the violation of plaintiff's constitutional rights by the named defendant. The named defendant is immune from damages on the claims asserted in this *Bivens* action and the complaint lacks an arguable basis in law or in fact. Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

THEREFORE, it is hereby

ORDERED, that

1. This action is DISMISSED;

2. Plaintiff's *in forma pauperis* application is DENIED as moot; and

3. The Clerk of the Court is directed to serve a copy of this Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: May 1, 2008
       Utica, New York

United States District Judge

---

[7] In addition, while not deciding this matter on this basis, the Court notes that it is not clear that venue is appropriate in this District. *See* 28 U.S.C. § 1391(b).